IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE LUNSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-0575-MJR-SCW |
| ) | |
| SERGEANT JEFF BRIDDICK, ) | |
| DEPUTY TONY COURT, and ) | |
| SERGEANT ROBERT RICHERT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

REAGAN, District Judge:

Before the Court is the Report of United States Magistrate Judge Stephen C. Williams (Doc. 51) recommending that the Motion for Summary Judgment filed by Defendants Sergeant Jeff Briddick, Deputy Tony Court and Sergeant Robert Richert (Doc. 45) be granted in part and denied in part.

On July 29, 2009, Plaintiff Tyrone Lunsford, formerly an inmate in the Madison County Jail, initiated this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the complaint (Doc. 1), on December 1, 2008, Plaintiff's bunk detached from the wall and collapsed to the floor, causing Plaintiff to hit his head and back, and to loose consciousness. It is alleged that Defendant Sergeant Robert Richert allowed Plaintiff to lay on the floor for over an hour before summoning medical help. Plaintiff was taken to the hospital, accompanied by Defendants Sergeant Jeff Briddick and Deputy Tony Court. It is further alleged that, after doctors released Plaintiff, Briddick and Court utilized excessive force to remove Plaintiff to a vehicle for transport back to the Jail. Upon his return to the Jail, Defendant Richert

1

placed Plaintiff in "an isolation cell," and denied his grievances and/or requests for further medical care. The Court has construed the complaint as asserting a claim against Defendants Briddick and Court for use of excessive force, and a claim against Defendant Richert for deliberate indifference to a serious medical need. *See* Doc. 5.

On May 13, 2011, Defendants Briddick, Court and Richert moved for summary judgment (Doc. 45). Defendants argue that they cannot be held liable because the evidence establishes that they behaved in a reasonable manner, under the circumstances, because Plaintiff was refusing to leave the hospital, despite having been discharged. In addition, Defendant Richert asserts that the evidence fails to establish that he acted with deliberate indifference to Plaintiff's serious medical needs; rather, the evidence shows that Richert responded promptly to a panic alarm and summoned medical assistance and EMS.

Plaintiff, by and through appointed counsel, responded that genuine issues of material fact precluded summary judgment (Docs. 46, 47). Relative to the excessive force claim, Plaintiff cited his own conflicting testimony regarding the events at issue, as well as the deposition testimony of Captain Donald Bunt, characterizing Briddick and Court's behavior as excessive force. With respect to the deliberate indifference claim, Plaintiff again cited his conflicting version of events, as well as the hospital discharge instructions directing Plaintiff to follow up with his primary doctor as needed.

In reply, Defendants noted that credibility determinations are not appropriate at this stage, and Plaintiff has otherwise failed to counter their documentary evidence and sufficiently establish his claims; instead, Plaintiff offers mere speculation. *See* Doc. 48.

On January 17, 2012, pursuant to 28 U.S.C. § 636(b)(1)(C), Magistrate Judge Stephen C. Williams submitted a detailed Report (Doc. 51) recommending that the undersigned Judge grant in part and deny in part Defendants' motion for summary judgment (Doc. 45). More specifically, Judge Williams recommended that Defendant Richert be granted summary judgment, but Defendants Briddick and Court be denied summary judgment because material issues of fact exist regarding whether they used excessive force. No party filed objections to Judge Williams Report and Recommendation. No extension of the deadline for objecting was sought, and the period in which such objections may be filed has expired.

Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

Accordingly, the undersigned District Judge **ADOPTS in its entirety** Judge Williams's Report and Recommendation (Doc. 51), and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Doc. 45), in that only Defendant Sergeant Robert Richert is **GRANTED** summary judgment. The claims against Defendants Sergeant Jeff Briddick and Deputy Tony Court shall proceed. Judgment in favor of Defendant Richert will be entered after all claims against all defendants are resolved

IT IS SO ORDERED.

DATED: February 22, 2012

s/ **Michael J. Reagan**
United States District Judge
Southern District of Illinois